**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
                    *Plaintiff-Appellee,*

v.                                                      No. 00-4579

JOSEPH TITO GRIN, a/k/a Jo Jo,
                    *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
James A. Beaty, Jr., District Judge.
(CR-98-257)

Submitted: July 10, 2001

Decided: July 31, 2001

Before TRAXLER, KING, and GREGORY, Circuit Judges.

---

Remanded with instructions by unpublished per curiam opinion.

---

### COUNSEL

Joseph M. Wilson, Jr., BROWNE, FLEBOTTE, WILSON & HORN,
P.L.L.C., Durham, North Carolina, for Appellant. Benjamin H. White,
Jr., United States Attorney, Steven H. Levin, Assistant United States
Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Joseph Tito Grin appeals from the sentence imposed for his conviction for conspiracy to distribute cocaine and crack cocaine. The judgment and commitment order was entered on July 18, 2000. On August 11, 2000, Grin filed a notice of appeal. No extension of time to appeal was granted by the district court, and Grin did not request an extension of time.

In criminal cases, a defendant must file his notice of appeal within ten days of the entry of judgment. Fed. R. App. P. 4(b). With or without a motion, the district court may grant an extension of this time up to thirty days upon a showing of good cause or excusable neglect. Fed. R. App. P. 4(b)(4); *United States v. Reyes*, 759 F.2d 351, 353 (4th Cir. 1985). If the defendant files his notice of appeal outside the ten-day appeal period, but within the thirty-day extension period, the district court must make factual findings concerning whether there was excusable neglect that warrants an extension of the appeal period. *See Reyes*, 759 F.2d at 353-54.

Grin filed his notice of appeal twenty-four days after the district court entered its judgment. While this filing was after the ten-day limit, it was within the thirty-day extension period applicable upon a showing of excusable neglect or good cause. Because the district court made no factual findings on this issue, we remand the case to the district court with instructions to make factual findings concerning whether there was excusable neglect or good cause warranting an extension of the ten-day appeal period. We dispense with oral argument, because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*REMANDED WITH INSTRUCTIONS*